UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

**ADAM SLOAN**, individually and on behalf of all others similarly situated,

    Plaintiff,

v

**WEST PHARMACEUTICAL SERVICES, INC.**, a Pennsylvania corporation,

    Defendant.

CASE NO. 1:23:CV-1096

HON.

---

## COLLECTIVE ACTION COMPLAINT and JURY DEMAND

NOW COMES Plaintiff, Adam Sloan, individually and on behalf of all others similarly situated, by and through his undersigned counsel, and for his Collective Action Complaint against Defendant, West Pharmaceutical Services Inc., states as follows:

### JURISDICTION AND VENUE

1. This is a Collective Action brought by Plaintiff, and all others similarly situated, against Defendant to recover unpaid overtime compensation, liquidated damages, attorney's fees, costs, and other relief as appropriate under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201, *et seq*.

2. The Court has original subject matter jurisdiction over the claims asserted in the complaint under the FLSA in accordance with 28 U.S.C. § 1331 because they arise under federal law. The FLSA also independently provides for subject matter jurisdiction in the United States courts under 29 U.S.C. § 216(b).

3. At all relevant times, Defendant's annual sales have exceeded $500,000 and it has

had more than two employees. Accordingly, the FLSA applies to Defendant in this case on an enterprise basis.

4. Additionally, at all relevant times, Defendant's employees engaged in interstate commerce and are covered by the FLSA on an individual basis.

5. Defendant conducts business and employs individuals, including Plaintiff, in the Western District of Michigan. Accordingly, venue is proper, and Defendant is subject to personal jurisdiction in this District.

## PARTIES

6. Plaintiff Adam Sloan is an adult resident of Lakeview, Michigan, and has been employed by Defendant for over three years. Plaintiff Sloan's consent to joint form is attached as **Exhibit 1**.

7. Additional putative Collective Members were or are employed by Defendant as hourly employees during the past three years and their consent forms will also be filed in this case.

8. Defendant, West Pharmaceutical Services, Inc., is a manufacturer of packaging components and delivery systems for injectable pharmaceutical drugs and healthcare products.

9. Defendant is a corporation headquartered in Exton, Pennsylvania.

10. Defendant maintains numerous locations across the United States, including a large facility located at 3116 N. Wilson Ct. NW, Walker, MI 49534.

11. Defendant's registered agent for purposes of service is the CSC-Lawyers Incorporating Service (Company) located at 601 Abbott Rd., East Lansing, MI 48823.

## STATEMENT OF FACTS

12. Plaintiff worked for Defendant as a non-exempt, hourly employee.

13. Plaintiff worked at Defendant's location in Walker, Michigan.

14. Plaintiff's most recent base hourly rate of pay was $34.55.

15. In addition to the base rate of pay, Defendant incorporated various types of routine and non-discretionary pay into its compensation structure, including, but not limited to, shift differential pay, attendance bonuses, performance bonuses, holiday bonuses, COVID-19 appreciation bonuses, and wellness credits.

16. Consistent with Section 7(a) of the Fair Labor Standards Act, Plaintiff and those similarly situated are entitled to overtime pay equal to 1.5 times their "regular rate of pay" for hours worked in excess of forty (40) hours per week.

17. Under the FLSA, calculating the proper rate of pay for Plaintiff's overtime hours first requires a proper determination of Plaintiff's "regular rate of pay."

18. Under the law, Plaintiff's base rate of pay is not necessarily his "regular rate of pay" for purposes of determining overtime pay.

19. Rather, under 29 C.F.R. §778.109, "[t]he regular hourly rate of pay is determined by dividing the employee's total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by the employee in that workweek for which such compensation was paid."

20. There is a statutory presumption that remuneration in any form must be included in the regular rate calculation, including non-discretionary compensation that is not excluded by statute. However, it is Defendant's burden to establish that any payment should be excluded. *Acton v. City of Columbia, Mo.*, 436 F.3d 969, 976 (8th Cir. 2006) (citing *Madison v. Resources for Human Dev. Inc.*, 233 F.3d 187 (3rd Cir. 2000)).

21. Plaintiff's "total remuneration" should include not only his base hourly pay, but also any shift differentials or other non-discretionary compensation under 29 C.F.R. § 548.502,

3

which provides "[e]xtra overtime compensation must be separately computed and paid on payments such as bonuses or shift differentials which are not included in the computation of the established basic rate. . ."

22. Defendant's shift differentials and bonuses do not fall within any of the statutory exclusions from the regular rate as provided in 29 U.S.C. §§ 207(e)(1)-(8).

23. Accordingly, those forms of compensation should have been factored into the calculation of Plaintiff's regular rate of pay for the purpose of determining his proper overtime wage rate.

24. However, Defendant did not incorporate any shift differentials or bonuses into its hourly employees' regular hourly rate calculation, resulting in prima facie violations of the FLSA for Plaintiff and the Collective Members.

25. For example, Plaintiff's pay stub for the pay period beginning October 24, 2022 through November 6, 2022, shows 84.68 hours of work, a base hourly rate of $33.14, and gross earnings of $4,042.29, inclusive of $908.87 for an attendance bonus. However, his overtime rate ($49.71) does not account for the extra pay that came in the form of the attendance bonus and, therefore, violates the FLSA.

26. Further, Plaintiff's pay stub for the pay period beginning February 14, 2022 through February 27, 2022, shows 112.30 hours of work (including 32.93 hours of overtime), a base hourly rate of $30.64, and gross earnings of $4,035.89, inclusive of $787.58 for an attendance bonus. However, his overtime rate ($45.96) does not account for the extra pay that came in the form of the attendance bonus and, therefore, violates the FLSA.

27. Under the law, shift differential pay cannot be excluded from the regular rate calculation nor can it be classified as an overtime premium. *Featsent v. City of Youngstown*, 70

4

F.3d 900, 904 (6th Cir. 1995); see also *O'Brien v. Town of Agawam*, 350 F.3d 279, 295 (1st Cir. 2003) ("The case law is unequivocal that shift-differential pay must be included in an employee's FLSA 'regular rate.'").

28. If any of Defendant's premium compensation paid to Plaintiff and/or the putative Collective Members could be qualified and applied as a credit under 29 U.S.C. §§ 207(7)(h), those credits may only be applied to the same workweek or work period in which the premiums were paid.

29. As a result of these FLSA violations, Defendant is liable to Plaintiff and those similarly situated for unpaid wages, liquidated damages, reasonable attorney's fees and costs, interest, and any other relief deemed appropriate by the Court.

## FLSA COLLECTIVE ACTION ALLEGATIONS

30. Pursuant to 29 U.S.C. § 216(b), Plaintiff brings this action on behalf of all of Defendant's current and former hourly employees who worked for Defendant at any time in the past three years.

31. Pursuant to 29 U.S.C. § 216(b), Plaintiff and putative Collective Members are "similarly situated" because, among other things, all such individuals received non-discretionary bonus compensation and shift differential pay that effectively increased their regular rate of pay, although such pay was not considered when calculating their proper hourly overtime wage.

32. Upon information and belief, Defendant utilized a centralized payroll system which calculated overtime pay for all similarly situated employees in the same or similar manner.

33. A proper resolution of this matter requires inquiry into common facts.

34. These similarly situated individuals are known to the Defendant, are readily identifiable and can be located through Defendant's payroll records.

35. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that Defendant's employees may be informed of this action and allowed to opt in for the purpose of collectively adjudicating their FLSA claims against Defendant.

36. Upon information and belief, there are hundreds, if not thousands, of similarly situated current and former employees of Defendant who were not paid their required wages and who would benefit from the issuance of court-authorized notice of this lawsuit and the opportunity to join it.

## COUNT I
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, et seq. -- FAILURE TO PAY OVERTIME

37. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

38. Defendant is an employer within the meaning of 29 U.S.C. § 203(d).

39. Plaintiff is an employee within the meaning of 29 U.S.C. § 203(e).

40. The FLSA and its implementing regulations require that the regular rate of pay include all forms of remuneration.

41. Defendant's shift differentials and bonuses do not fall into any of the eight exceptions where payments to employees may not be included in the regular rate as set forth in Section 207(e) of the FLSA.

42. Defendant failed to include shift differentials and/or bonuses into the regular rate of pay for Plaintiff and all others similarly situated when calculating overtime rates.

43. By failing to include this remuneration in overtime computations, Defendant has not paid Plaintiff and Collective Members proper overtime wages, in violation of Section 7(a) of the FLSA. 29 U.S.C. § 207(a).

44. At all relevant times, Defendant had a policy and practice of willfully refusing to

pay Plaintiff and all putative Collective Members the legally required amount of overtime compensation for all hours worked in excess of 40 hours per workweek, in violation of the FLSA.

45. As a result of Defendant's willful failure to compensate Plaintiff and the putative collective members at a rate not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant violated and continues to violate the FLSA.

46. Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

47. Under the FLSA, Plaintiff and all others similarly situated are entitled to backpay, which can be determined by calculating the difference between the overtime they should have received for each workweek and the overtime they did receive during the same time period calculated using the incorrect regular rate.

48. Plaintiff and all others similarly situated are also entitled to liquidated damages, interest, attorney's fees and costs, and other relief as appropriate under the FLSA.

## RELIEF REQUESTED

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, respectfully requests the following relief:

   a. An Order designating this action as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b);

   b. An Order designating Plaintiff as representative of the FLSA collective and undersigned counsel as class counsel for the same;

   c. An Order directing Defendant to provide Plaintiff a list of all current and former hourly employees who worked for Defendant at any time in the past three years, including last known addresses, emails, and telephone number of each such person,

     so that Plaintiff can give those individuals notice of this action and an opportunity to make an informed decision about whether to participate;

d. A complete accounting of all the compensation Plaintiff and all others similarly situated are owed;

e. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

f. A monetary judgment awarding full back pay and an equal amount in liquidated damages;

g. An award of pre-judgment and post-judgment interest;

h. An award of costs and expenses of this action together with reasonable attorneys' fees, and an award of service payments to the named Plaintiff; and

i. Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and all others similarly situated, hereby demands a trial by jury on all issues so triable under Fed. R. Civ. P. 38(b).

                                            Respectfully submitted,

                                            KUIPER KRAEMER P.C.

Date: October 13, 2023

                                            /s/ C. Christopher Newberg
                                            C. Christopher Newberg (P79025)
                                            KUIPER KRAEMER P.C.
                                            Attorneys for Plaintiff
                                            180 Monroe Ave NW, Suite 400
                                            Grand Rapids, MI 49503
                                            (616) 454-3700
                                            newberg@k2legal.com